```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
GOVERNMENT EMPLOYEES
INSURANCE COMPANY, GEICO
INDEMNITY COMPANY,
GEICO GENERAL INSURANCE
COMPANY, and
GEICO CASUALTY COMPANY,

                        Plaintiffs,

       -against-

COLIN CLARKE, M.D., COLIN
CLARKE MD P.C., SVETLANA
KOVALEVA a/k/a MELANA KAY,
MEDICAL EVALUATION SERVICES
& BILLING, INC., MEDICAL
CONSULTATION SERVICES &
BILLING, INC., and JOHN DOE
DEFENDANTS 1-10,

                        Defendants.
---------------------------------------------------x
```

**MEMORANDUM AND ORDER**

Case No. 1:23-CV-04605 (FB) (SJB)

*Appearances:*
*For the Plaintiffs*:
BARRY I. LEVY
MICHAEL A. SIRIGNANO
STEVEN HENESY
ALLISON STAPLETON
Rivkin Radler LLP
926 RXR Plz.
Uniondale, NY 11556

*For the Defendants Colin Clarke M.D., P.C., Colin Clarke, M.D.*:
WESLEY MEAD
The Mead Law Firm, P.C.
3033 Brighton 3rd St.
Brooklyn, NY 11235

**BLOCK, Senior District Judge:**

Plaintiffs (collectively "GEICO") bring this action against Defendants Colin Clarke, M.D., Colin Clarke MD, P.C. (together, the "Clarke Defendants"),

Svetlana Kovaleva a/k/a Melana Kay, Medical Evaluation Services & Billing, Inc., Medical Consultation Services & Billing, Inc., and John Doe Defendants 1-10 (collectively "Defendants"). Geico alleges that Defendants committed civil RICO violations, engaged in common law fraud, and have been unjustly enriched through their actions. Additionally, GEICO seeks a declaratory judgment that the Clarke Defendants have no right to receive payment for any pending bills submitted to GEICO.

GEICO now moves for a preliminary injunction to: (1) stay all pending no-fault insurance collection arbitrations commenced against GEICO by or on behalf of the personal tax identification number of Defendant Colin Clarke, M.D., pending disposition of GEICO's claims in this action; and (2) enjoin the Clarke Defendants, and anyone acting or purporting to act on their behalf, from commencing any further no-fault insurance collection arbitrations or new no-fault collection litigation against GEICO, pending disposition of this action.

For the following reasons, GEICO's motion is granted.

### I.    PRELIMINARY INJUNCTION

This Court has already addressed a series factually similar cases where GEICO sought — and was granted — the same relief. *See Gov't Emps. Ins. Co. v. Moshe*, No. 1:20-CV-1098-FB-RER, 2020 WL 3503176 (E.D.N.Y. June 29, 2020); *Gov't Emps. Ins. Co. v. Zilberman*, No. 1:20-CV-00209-FB-RML, 2021 WL

1146086 (E.D.N.Y. Mar. 25, 2021); *Gov't Emps. Ins. Co. v. Zaitsev*, No. 1:20-CV-03495-FB-SJB, 2021 WL 3173171 (E.D.N.Y. July 27, 2021). Other judges in the Eastern District of New York have also issued preliminary injunctions when confronted with substantially similar circumstances. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Parisien*, 352 F. Supp. 3d 215 (E.D.N.Y. 2018) (Glasser, J.); *Gov't Emps. Ins. Co. v. Cean*, No. 1:19-CV-2363-PKC-SMG, 2019 WL 6253804 (E.D.N.Y. Nov. 22, 2019) (Chen, J.); *Gov't Emps. Ins. Co. v. Wellmart RX, Inc.*, 435 F. Supp. 3d 443 (E.D.N.Y. 2020) (Matsumoto, J.); *Gov't Emps. Ins. Co. v. Tenenbaum*, No. 22-CV-4543 (ARR) (PK), 2023 WL 2734744, at *3 (E.D.N.Y. Mar. 31, 2023) (Ross, J.); *State Farm Mut. Auto. Ins. Co. v. Eclipse Med. Imaging, P.C.*, No. 1:23-CV-3124 (OEM) (RML), 2023 WL 7222827, at *1 (E.D.N.Y. Nov. 2, 2023) (Merchant, J.). The Court can see no reason why a different result is warranted here.[1]

---

[1] The Clarke Defendants' argument that Plaintiff's motion is prohibited by the Anti-Injunction Act has already been dealt with by other courts. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Eclipse Med. Imaging, P.C.*, No. 1. 23-CV-3124O (EM) (RML), 2023 WL 7222827, at *11 (E.D.N.Y. Nov. 2, 2023) (discussing "well-settled precedent" that Anti-Injunction Act does not bar courts from temporarily staying pending private arbitrations or enjoining future arbitrations or state court proceedings). As has their argument that this form of injunctive relief exceeds the Court's authority under the All-Writs Act. *See, e.g.*, *Parisien*, 352 F. Supp. 3d at 225 ("[T]he All-Writs Act provides the positive authority for federal courts to issue injunctions of state court proceedings.").

In order to justify a preliminary injunction, the movant must establish "(1) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor, and (2) irreparable harm in the absence of the injunction." *Kelly v. Honeywell Int'l, Inc.*, 933 F.3d 173, 183-84 (2d Cir. 2019) (cleaned up).

### a. Irreparable Harm

Irreparable harm occurs where, as here, "an insurer is required to waste time defending numerous no-fault actions when those same proceedings could be resolved globally in a single, pending declaratory judgment action." *Parisien*, 352 F. Supp. 3d at 233; *see also Elzanaty*, 929 F. Supp. 2d at 222 ("[T]here is a concern here with wasting time and resources in an arbitration with awards that might eventually be, at best, inconsistent with this Court's ruling, and at worst, essentially ineffective."); *Wellmart*, 435 F. Supp. 3d at 449-50 (collecting cases).

Here, the Clarke Defendants have more than 240 pending arbitrations against GEICO that present a risk of inconsistent judgments. This suffices to establish irreparable harm.[2]

---

[2] The Clarke Defendants' argument that the amendment to the AAA rules on consolidation procedure precludes irreparable harm is academic because they cite to the AAA Commercial Rules. The AAA New York No-Fault Rules have not been updated since 2013.

### b. Serious Question Going to the Merits

GEICO must also demonstrate, at this stage, "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly" in GEICO's favor. *Parisien*, 352 F. Supp. 3d at 234.

As the caselaw of this district demonstrates, courts routinely find a "serious question going to the merits" under similar circumstances. *id.* (finding serious question going to the merits where the complaint and exhibits alleged defendants provided unnecessary medical services); *Elzanaty*, 929 F. Supp. 2d at 222 (finding serious question going to the merits where complaint alleged "complicated scheme of alleged fraudulent activity"); *Zaitsev*, 2021 WL 3173171, at *2 (same).

The Complaint and Plaintiff's exhibits attached to its motion provide a detailed overview of a complicated scheme in which the Clarke Defendants are alleged to have: (1) provided fraudulent healthcare services that were not medically necessary; (2) used billing codes that misrepresented and exaggerated the level of medical services provided in order to inflate the charges submitted to plaintiffs, (3) provided fraudulent medical services pursuant to the dictates of laypersons who were not licensed to provide healthcare services and through the use illegal kickback arrangements; (4) performed some of the alleged fraudulent healthcare services via independent contractors; and (5) manufactured a fraudulent ownership

5

arrangement whereby the Clarke Defendants were unlawfully operated, and/or controlled by unlicensed laypersons.

These non-conclusory allegations sufficiently allege a complicated scheme of fraudulent activity satisfying GEICO's burden of establishing a serious question going to the merits.

### c. Balance of Hardships

As the Court finds that there are "serious question[s] going to the merits," it must further inquire as to whether that there is a "balance of hardships tipping decidedly" in plaintiff's favor. *See Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 33 (2d Cir. 2010). Here, "all parties will benefit from having the issue of fraudulent incorporation determined in one action." *Elzanaty*, 929 F. Supp. 2d at 222. Moreover, the Clarke Defendants will not be disadvantaged by the injunction "since they will be entitled to statutory interest on their unpaid claims should they ultimately prevail." *Zaitsev*, 2021 WL 3173171, at *3. Accordingly, the balance of hardships favors GEICO.

### d. Bond

Rule 65(c) of the Federal Rules of Civil Procedure provides that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper." Fed. R. Civ. P. 65(c). However, courts have "wide discretion to dispense with the bond

requirement" when "there has been no proof of likelihood of harm." *Donohue v. Mangano*, 886 F. Supp. 2d 126, 163 (E.D.N.Y. 2012) (internal quotations omitted).

GEICO undoubtedly has the ability to pay if the Clarke Defendants prevail. As such, the Clarke Defendants will suffer no harm from the injunction and the bond requirement is waived. *See Wellmart*, 435 F. Supp. 3d at 455-56 (waiving bond requirement).

\* \* \*

In sum, Plaintiff carries its burden. The Court declines to grant the Clarke Defendants' request for a hearing because the "disputed facts are amenable to complete resolution on a paper record." *See Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir. 1998).[3] Their request for an expedited trial is denied.

---

[3] The Clarke Defendants' motion to disqualify Plaintiff's counsel is also denied. *Lankler Siffert & Wohl, LLP v. Rossi*, 287 F. Supp. 2d 398, 403 (S.D.N.Y. 2003) ("Motions to disqualify counsel have long been disfavored in this Circuit" (citing *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791-92 (2d Cir. 1983))). Best construed as an invocation of the Witness-Advocate Rule, the Clarke Defendants do not come close to the "high standard of proof" demanded by the Second Circuit "on the part of the party seeking to disqualify an opposing party's counsel." *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. 21st Century Pharmacy, Inc.*, No. 17-CIV-5845 (MKB) (VMS), 2020 WL 729775, at *4-5 (E.D.N.Y. Feb. 12, 2020) (citing *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009)). Nor have they provided any communications by GEICO's counsel with Defendant Colin Clarke that could implicate New York Disciplinary Rule 4.2.

## II. CONCLUSION

Based on the foregoing, GEICO's motion for a preliminary injunction is granted. A preliminary injunction is issued (1) staying all pending no-fault insurance collection arbitrations that have been commenced against GEICO by or on behalf of Defendant Colin Clarke, M.D., and (2) enjoining the Clarke Defendants from commencing new no-fault arbitrations and litigations against GEICO until resolution of this action.

**SO ORDERED.**

    /S/ Frederic Block  
FREDERIC BLOCK  
Senior United States District Judge

Brooklyn, New York  
May 23, 2024