UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE COMPANY,
GEICO INDEMNITY COMPANY, GEICO GENERAL
INSURANCE COMPANY, and GEICO CASUALTY
COMPANY,

                            Plaintiffs,          **ORDER**
   -against-                                                       23-CV-4605-FB-SJB

COLIN CLARKE, M.D., COLIN CLARKE MD P.C.,
and JOHN DOE 1–10,

                            Defendants.
-----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

      The parties have filed a series of discovery motions, some of which relate to each other, and others which do not. This order addresses the Clarke Defendants' motion for a protective order regarding GEICO's Rule 30(b)(6) motion. (*See* Dkt. No. 60). The Court grants the motion in part and denies it in part. Given the issues involved in this motion, the order necessarily also resolves other pending motions.

      The Court decides as follows:

      1.    With respect to topics 10–14 and 20 in the 30(b)(6) notice, the motion for a protective order is denied. The Clarke Defendants object to these topics—centering on their billed services, billing practices, and collections—on the grounds that they seek privileged information, either about conversations with attorneys or patients. (First Mot. for Protective Order, Dkt. No. 60 at 2). But that a topic may call for privileged information does not make it improper. The heart of the topics lies at the core allegations in the case: whether Defendants engaged in improper or illegal billing and structural practices in seeking no-fault benefits from GEICO. Defendants' proffer is insufficient to show that all the information sought is privileged. Indeed, the topics

themselves do not on their face seek anything privileged or patient-specific (meaning, specifically information covered by HIPAA or other confidentiality protections).  *Cf. S.E.C. v. Morelli*, 143 F.R.D. 42, 46 (S.D.N.Y. 1992) ("[T]he SEC has failed to demonstrate that the specific categories of information sought by defendant are privileged.  Morelli's Notice of Deposition delineates six factual lines of inquiry, and does not request the SEC and its attorneys to divulge the substance of attorney-client conversations that focused on the provision of legal advice.").  If the questioning at the deposition seeks privileged information, counsel can interpose an objection, and if necessary, instruct the witness not to answer.  But to preclude any inquiry into a relevant area, because there is some privileged information that is also responsive, is premature and improper.  *See Valdez v. Town of Brookhaven*, No. 05-CV-4323, 2007 WL 1988792, at *2 (E.D.N.Y. July 5, 2007) ("While it is well-established that communications made for the purpose of providing legal advice are protected by the attorney-client privilege, the privilege is limited to said communications.  Given that the deposition has not yet occurred, the defendants do not know what questions will be asked and whether the responses would call for the disclosure of privileged communications.  Thus, the defendants' assertion of the attorney-client privilege in advance of the deposition is premature.") (declining to enter protective order in advance of Rule 30(b)(6) deposition).  And there is no obligation for Defendants to prepare a witness on privileged information, since such information is not discoverable.  *See Oliver v. Am. Express Co.*, No. 19-CV-566, 2022 WL 3366312, at *2 (E.D.N.Y. Aug. 12, 2022) ("To suggest that AMEX should have prepared a witness to talk about Project X assumes that the material is not privileged.  There is no requirement that a 30(b)(6) witness be prepared to testify about privileged material, since a party has no entitlement

to such discovery. Nor does such a witness have to be in a position to assert the privilege; the assertion of the privilege can be made by counsel, as it was here."), *objections overruled*, No. 19-CV-566, 2022 WL 18998430, at *7 (Nov. 14, 2022).

    2.    With respect to topics 6, 7, and 15, the parties are proverbial ships passing in the night. GEICO seeks testimony regarding Defendant Colin Clarke MD P.C.'s ("Clarke P.C.") tax returns, income reporting, and deductions. (Opp'n to First Mot. for Protective Order, Dkt. No. 63 at 2–3). At their crux, these topics seeks Clarke P.C. to testify about its tax returns (and, as a necessary antecedent, produce the tax returns). The Clarke Defendants have offered to provide "identity information" in W-2s, 1099s, and K-1s (and it should produce these documents). (First Mot. for Protective Order at 4–5). Nonetheless, GEICO seeks documents and testimony for the topics as drafted, including for all the tax returns. GEICO fails to explain why the delta between what the Clarke Defendants have offered and what is sought is insufficient to provide the necessary, relevant information. GEICO's rationale for these documents is that the tax returns will elicit information about the classification of expenditures by the Clarke Defendants, and in addition, that the Clarke Defendants failed to produce any communications between them and any third-parties. (Opp'n to First Mot. for Protective Order at 2). The solution to the latter problem is to move to compel document production, seek information about document collection and production, ask each deponent about their communication practices, and, if necessary, conduct a deposition of a corporate designee on document preservation practices. The solution is certainly not the production of tax returns to fill in the evidentiary gap, particularly in light of the very limited circumstances in which production of such documents is ordered. Unsurprisingly, GEICO cites nary a case justifying tax return production to fill

similar evidentiary gaps. (And GEICO—without exhausting the discovery methods discussed—cannot establish that gap merely by pointing to the absence of any production of communications). As to the rationale that GEICO provides for the returns—the nexus between the returns and allegations in this case—those arguments do not satisfy the more stringent standards for tax return production (particularly when GEICO's tax return request is not narrow and is targeted seeking "all" such returns and testimony about the same). There must be a "compelling need" and a showing that the information is not otherwise obtainable. *Chen v. Republic Rest. Corp.*, No. 07-CV-3307, 2008 WL 793686, at *2 (S.D.N.Y. Mar. 26, 2008); *accord State Farm Mut. Auto. Ins. Co. v. Khait*, No. 21-CV-6690, 2023 WL 6541583, at *2 (E.D.N.Y. Sept. 26, 2023) (applying same standard).[1]

> A compelling need does not exist where the requesting party is in possession of financial documents from which the information sought may be obtained readily, even where the requesting party may need to compile numerous records in its possession to ascertain the information sought from the tax returns. . . . The fact that certain information may be accessible more easily from an adversary's tax returns than from depositions or other financial documents does not, without more, constitute a compelling need.

*Zou v. Han*, No. 23-CV-2370, 2024 WL 2258042, at *5 (E.D.N.Y. May 16, 2024) (quotations omitted). Neither compelling need nor lack of alternatives has been shown: GEICO does not discuss the offer of documents made by Clarke P.C.; the gap between what has been produced by third-parties and what would be available in tax returns; or

---

[1] Though there are cases in both directions, the party seeking the tax returns is obligated to make this showing (even if the filer has moved first for a protective order). *E.g.*, *State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., Inc.*, No. 04-CV-5045, 2006 WL 2460641, at *1 (E.D.N.Y. Aug. 23, 2006). And GEICO does not argue to the contrary. That is consistent with the general principle that a party seeking discovery bears the burden of persuasion. *E.g.*, *Morle v. Hayes*, No. 20-CV-103, 2023 WL 3306931, at *2 (E.D.N.Y. May 8, 2023) ("The party seeking discovery bears the initial burden of proving the discovery is relevant[.]" (quotations omitted)).

a testimonial gap in proof present from the depositions taken thus far.[2] The motion for a protective order is granted as to these topics.[3] However, the Clarke Defendants are ordered to produce the documents they agreed to produce (and a witness to testify about them) in the first instance in order to limit and resolve this motion.[4] And those

---

[2] One case cited by GEICO—*Platt ex rel. Platt Fam. Artwork Tr. v. Michaan*, No. 19-CV-4234, 2023 WL 6292770 (S.D.N.Y. Sept. 27, 2023), *appeal dismissed*, No. 23-7676, 2023 WL 9510839, at *1 (2d Cir. Dec. 27, 2023)—deals not with whether tax returns should be produced, but whether once produced, a party can be estopped from asserting an argument inconsistent with those returns. If mere inconsistency was sufficient to order production of returns, then in every case of financial impropriety, tax returns would have to be produced as a matter of course. And that is quite contrary to the law, which imposes the heightened standard for tax return production. The other cases cited by GEICO (in response to a related motion for a protective order, *infra* at n.4; (*see* Opp'n to Second Mot. to Quash, Dkt. No. 64 at 4)) do it no favors either. In *McGee*, individual tax returns were ordered to be produced when the plaintiff had established that other tax returns (already produced) did not show the information sought (income). *State Farm Mut. Auto. Ins. Co. v. McGee*, No. 10-CV-3848, 2012 WL 8281725, at *2 (E.D.N.Y. Feb. 21, 2012). Here, of course, no tax returns have been produced, and GEICO has made no persuasive demonstration of information unavailability. *Lenex*, which relies on *McGee*, is the same. *Gov't Emps. Ins. Co. v. Lenex Servs., Inc.*, No. 16-CV-6030, 2018 WL 1368024, at *10 (E.D.N.Y. Mar. 16, 2018). But none of these cases establish a *per se* rule of discoverability, nor could they, since the showing needed is particular to each case. And here, the necessary showing is lacking.

[3] GEICO filed a separate motion to supplement the record through the affidavit of Melana Kay, (Dkt. No. 71), a former co-defendant who was dismissed from the case via stipulation on June 4, 2024, (Dkt. No. 82). That motion is denied. The Court does not permit reply briefs on discovery motions. And in any event, the affidavit in no way establishes the entitlement to tax returns. It does not mention tax fraud or tax returns. It is evidence of the core allegations that are the heart of the lawsuit. But as already noted, such evidence does not demonstrate an entitlement to tax returns, which are only available in exceptional cases, and may even undercut the rationale, since it suggests evidence of malfeasance and transaction activity is available through other sources. (The Court, however, grants the motion to seal the Kay-related settlement documents). (Dkt. No. 78).

[4] In light of the order precluding discovery of the tax return information directly from the Clarke Defendants, the Court grants the motion seeking to quash the subpoenas seeking the tax returns from the Clarke Defendants' accountant. (Dkt. No. 61).

documents should be produced without dollar amount redactions; to produce those documents in redacted form would render the documents useless.

   3. As for topics 21, 24, and 26—dealing with goods and services transmitted between Defendants, their compensation, and communications—the motion for a protective order is denied. The Clarke Defendants offer nothing but a passing, conclusory cavil that compensation is irrelevant. (First Mot. for Protective Order at 3). But given the allegations that the compensation was derived improperly and as a result of improper practices, this information is certainly relevant to GEICO's claims, and therefore, discoverable.

                  SO ORDERED.

                  */s/ Sanket J. Bulsara*  June 17, 2024
                  SANKET J. BULSARA
                  United States Magistrate Judge

Brooklyn, New York