UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
GOVERNMENT EMPLOYEES
INSURANCE COMPANY, GEICO
INDEMNITY COMPANY,
GEICO GENERAL INSURANCE
COMPANY, and
GEICO CASUALTY COMPANY,

                Plaintiffs,

    -against-

COLIN CLARKE, M.D., COLIN
CLARKE MD P.C., SVETLANA
KOVALEVA a/k/a MELANA KAY,
MEDICAL EVALUATION SERVICES
& BILLING, INC., MEDICAL
CONSULTATION SERVICES &
BILLING, INC., and JOHN DOE
DEFENDANTS 1-10,

                Defendants.
-----------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:23-CV-04605 (FB) (SJB)

*Appearances:*
*For the Plaintiffs*:
BARRY I. LEVY
MICHAEL A. SIRIGNANO
STEVEN HENESY
Rivkin Radler LLP
926 RXR Plz.
Uniondale, NY 11556

*For the Defendants Colin Clarke*
*M.D., P.C., Colin Clarke, M.D.*:
WESLEY MEAD
The Mead Law Firm, P.C.
3033 Brighton 3rd St.
Brooklyn, NY 11235

**BLOCK, Senior District Judge:**

      Plaintiffs (collectively "GEICO") brought this insurance-fraud action against

Defendants Colin Clarke, M.D. ("Dr. Clarke"), Colin Clarke MD, P.C. (together,

the "Clarke Defendants"), Svetlana Kovaleva a/k/a Melana Kay, Medical

Evaluation Services & Billing, Inc., Medical Consultation Services & Billing, Inc., and John Doe Defendants 1-10 (collectively "Defendants").[1] GEICO has moved to dismiss the Clarke Defendants' counterclaims under Federal Rule of Civil Procedure 12(b)(6) and to strike twelve of their affirmative defenses under Rule 12(f). For the following reasons, GEICO's motion to dismiss the counterclaims is granted, its motion to strike affirmative defenses is granted in part and denied in part.

## I. BACKGROUND

The following facts are taken from the Complaint and the Clarke Defendants' Amended Answer. For the purposes of this motion, the Court accepts them as true and draws all reasonable inferences in favor of the Clarke Defendants.

GEICO has sued Defendants for submitting allegedly fraudulent no-fault insurance claims to GEICO for services performed at Dr. Clarke's healthcare practice, among other things. It has brought claims for civil RICO violations, common law fraud, and unjust enrichment. GEICO also seeks a declaratory judgment that the Clarke Defendants have no right to receive payment for any pending bills submitted to GEICO.

---

[1] Since the matter is one of diversity, New York law applies. *See, e.g., Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941).

In response, the Clarke Defendants have counterclaimed against GEICO on allegations that GEICO has — through its insurance-claim verification process, by reporting Dr. Clarke to the New York State Department of Health, and by bringing two RICO cases against Dr. Clarke,[2] including this lawsuit — subjected them to an ongoing campaign of systematic harassment and intimidation with the goal of putting them out of business.  The Clarke Defendants allege that this campaign is part of GEICO's "systematic discrimination against minority insureds, designed to ensure that minority insureds' doctors, such as Dr. Clarke, whom GEICO knows treats predominately minority insureds [patients]" are unable to provide them with medical services.  Am. Answer ¶ 8.

In addition, the Clarke Defendants allege that GEICO was complicit in theft perpetrated by their co-Defendant, Melana Kay, who was hired by Dr. Clarke to administer his billing services.  Specifically, they allege that Defendant Kay had been depositing insurance proceeds meant for the Clarke Defendants into her own business entities via co-Defendants Medical Evaluation Services & Billing, Inc., and Medical Consultation Services & Billing, Inc.  The Clarke Defendants allege

---

[2] The other case is *Government Employees Insurance Co. v. Exon Medical Equipment, Inc.*, No. 20-2457 (RRM) (PK) (E.D.N.Y. June 3, 2020), where GEICO accused Dr. Clarke and others of issuing prescriptions in reliance upon medical devices and equipment that were not medically necessary.  The case settled without dispositive motion practice.  *Id.*, ECF No. 42.

3

that GEICO knew about this ongoing theft but chose not to disclose it to the Clarke Defendants despite a statutory obligation to do so.

Upon these allegations, the Clarke Defendants have counterclaimed for: (i) common law fraud; (ii) aiding and abetting fraud; (iii) breach of the covenant of good faith and fair dealing; (iv) violation of N.Y. Gen. Bus. Law § 349; (v) abuse of process; (vi) and attorneys' fees. GEICO has moved to dismiss all counterclaims and to strike twelve of the Clarke Defendants' affirmative defenses.

## II. DISCUSSION

### a. Motion to Dismiss

#### i. Legal Standard

A motion to dismiss a counterclaim under Rule 12(b)(6) is subject to the same standard as a motion to dismiss a complaint. *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 99 (2d Cir. 2019). Thus, to "survive a motion to dismiss, a [counterclaim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A counterclaim is facially plausible when the counterclaimant pleads factual content that allows the court to draw the reasonable inference that the defending party is liable for the misconduct alleged. *See id.* (citing *Twombly*, 550 U.S. at

4

556).  The pleading must offer more than "bare assertions," "conclusory" allegations, and a "formulaic recitation of the elements" of a claim.  *Id.* at 681.

### ii.  *Common Law Fraud*

The Clarke Defendants have alleged two fraudulent schemes by GEICO.  First, they claim that GEICO defrauded them by undertaking to verify their insurance claims despite having no intention of compensating those claims "given the longstanding adversarial position [GEICO] has taken against Dr. Clarke."  Clarke Defendants' Mem. of L. in Opp'n 23.  Second, they claim that GEICO defrauded them when it failed to disclose Defendant Kay's theft.

Under New York law, the elements of a common law fraud claim are: (i) material misrepresentation of a fact, (ii) knowledge of its falsity, (iii) intent to induce reliance, (iv) justifiable reliance by the claimant, and (v) damages.  *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 12 N.Y.3d 553, 559 (N.Y. 2009).  In pleading fraud, federal court claimants must comply with Federal Rule of Civil Procedure 9(b), which requires that "a party must state with particularity the circumstances constituting fraud or mistake."  Thus, a federal claim alleging fraud must also: (1) specify the statements that the party contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1127-28 (2d Cir.1994).

Regarding the allegedly fraudulent insurance-claim verifications, as GEICO correctly points out, a "fraud claim must rest on representations that are extraneous to the parties' agreement[s]." *Servedio v. State Farm Ins. Co.*, 814 F. Supp. 2d 214, 220 (E.D.N.Y. 2011), *on reconsideration in part*, 889 F. Supp. 2d 450 (E.D.N.Y. 2012), *aff'd*, 531 F. App'x 110 (2d Cir. 2013).  But here the fraudulent conduct the Clarke Defendants allege is simply the non-performance of GEICO's contractual duties to process no-fault claims submitted on behalf of its insureds. Because the Clarke Defendants have not alleged any misconduct extraneous to those contractual obligations, they have not alleged a plausible claim for fraud. *See Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 19-20 (2d Cir. 1996) (explaining that New York law does not recognize fraud claims premised upon alleged breach of contractual duties alone).

Regarding the alleged thefts committed by the Kay Defendants, and GEICO's alleged non-disclosure of those thefts, the Clarke Defendants' conclusory allegations that the Kay Defendants were "stealing monies" are insufficient to plead a claim for fraud.  *See Meimaris v. Royce*, No. 18 CIV 4363 (GBD) (BCM), 2019 WL 4673572, at *6 (S.D.N.Y. Sept. 25, 2019) ("[V]ague and conclusory allegations that a defendant committed theft [] are insufficient to plead a cognizable [fraud] claim, particularly under the heightened pleading standard of Rule 9(b)."). Moreover, they have failed to plead any specific allegations that

6

GEICO knew or had reason to know that the money it was reimbursing to the Clarke Defendants was being stolen upon receipt by their designated billing administrator. And they have failed to plead a statute that obligated GEICO to disclose this theft,³ which also justifies dismissal. *See Remington Rand Corp. v. Amsterdam-Rotterdam Bank, NX*, 68 F.3d 1478, 1483 (2d Cir. 1995) ("[A] concealment of facts supports a cause of action for fraud only if the non-disclosing party has a duty to disclose.").

These conclusions also require dismissal of the Clarke Defendants' aiding and abetting claim predicated on the same conduct. S*ee Krys v. Pigott*, 749 F.3d 117, 127 (2d Cir. 2014) (stating that an underlying fraud, knowledge, and substantial assistance are elements of aiding and abetting fraud claim). Accordingly, the Clarke Defendants' common law fraud and aiding and abetting claims are both dismissed.

### iii. The Covenant of Good Faith and Fair Dealing

GEICO argues that the Clarke Defendants' breach of contract claim must be dismissed because they have not alleged sufficient details about the underlying contracts or how their implicit duties were violated. The Court agrees.

---

³ The Clarke Defendants cite no authority to support their argument that N.Y. Comp. Codes R. & Regs. tit. 11, § 65-3.2 creates a duty for GEICO to disclose its alleged knowledge of the theft by the Kay Defendants, nor can the Court find such a duty from the plain text of the statute.

In New York, "all contracts imply a covenant of good faith and fair dealing in the course of performance." *511 W. 232nd Owners Corp. v. Jennifer Realty Co.*, 773 N.E.2d 496, 500 (N.Y. 2002). The implied covenant is a pledge that "neither party to a contract shall do anything that has the effect of destroying or injuring the right of the other party to receive the fruits of the contract, or to violate the party's presumed intentions or reasonable expectations." *JN Contemp. Art LLC v. Phillips Auctioneers LLC*, 29 F.4th 118, 128 (2d Cir. 2022). Although it is not necessary to allege a breach of a particular contractual provision to sustain a standalone claim for breach of good faith and fair dealing, *see Sandstone Springs, LLC v. Virag Distribution, LLC*, 617 F. Supp. 3d 159, 177 (W.D.N.Y. 2022) ("[A] plaintiff adequately states an implied covenant claim by alleging conduct that subverts the contract's purpose without violating its express terms."), a claimant must still "allege an implied duty that is consistent with the express contractual terms." *See Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 157 F. Supp. 3d 352, 369 (S.D.N.Y. 2016), *aff'd*, 850 F. App'x 38 (2d Cir. 2021).

Here, the Clarke Defendants conclusorily allege that they were assigned the contractual rights that GEICO owed to its insureds, but they do not provide any specific facts about those policies, when they were assigned, who they belonged to, what terms they contained, or on what basis GEICO denied claims submitted pursuant to their terms. Absent even minimal detail about the underlying

8

contracts, the Clarke Defendants cannot sustain a claim that GEICO violated the implicit duties of good faith and fair dealing contained therein.  Accordingly, this claim is dismissed.

*iv.  N.Y. Gen. Bus. Law § 349*

The Clarke Defendants' § 349 claim alleges that GEICO employed deceptive practices in its claim-handling process as part of a discriminatory scheme against the Clarke Defendants' minority patients.  Section 349 prohibits all "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state."  To state a claim under § 349, a plaintiff must allege: (1) the act or practice was consumer oriented; (2) the act or practice was misleading in a material respect; and (3) the claimant was injured as a result.  *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009).

The Clarke Defendants have not satisfied the first element of this standard because an insurer's denial of claims by medical-services providers "are directed, not at the underlying consumers of medical services, but at the [medical-service providers] themselves."  See *Allstate Ins. Co. v. Avetisyan*, 422 F. Supp. 3d 672, 677 (E.D.N.Y. 2019) (dismissing § 349 counterclaim against insurer).  The Clarke Defendants argue that their claim overcomes this hurdle because they have alleged that GEICO's deceptive practices have "erect[ed] barriers to [reimbursement" to their minority patients.  See *Greenspan v. Allstate Ins. Co.*, 937 F. Supp. 288, 294

9

(S.D.N.Y. 1996) (theorizing that barriers to reimbursement for no-fault claims could "affect the public interest"). However, their allegations in support of this are entirely conclusory and lack any basic factual account of the demographics of Dr. Clarke's patients or how their ability to obtain healthcare could be affected by GEICO's conduct. Accordingly, this claim is dismissed.

### v. Abuse of Process

The Clarke Defendants claim that GEICO has committed an abuse of process through its aggressive verification of their insurance claims and by instituting civil RICO actions, including this lawsuit. Under New York law, an abuse-of-process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, (3) in order to obtain a collateral objective that is outside the legitimate ends of the process. *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003). The essence of an abuse of process claim is "the improper use of process after it is regularly issued." *Cook v. Sheldon*, 43 F.3d 73, 80 (2d Cir. 1994). Thus, to be actionable "judicial process must in some manner be involved." *Varela v. Invs. Ins. Holding Corp.*, 586 N.Y.S.2d 272, 274 (2d Dep't 1992), *aff'd*, 81 N.Y.2d 958 (N.Y. 1993).

Here, GEICO's conduct in its verification of the Clarke Defendants' insurance claims does not give rise to an abuse of process claim because it is a

private undertaking that does not implicate or employ judicial authority.  To the extent that their abuse of process claim is predicated on this case or any other civil RICO action, the "mere commencement of a lawsuit cannot serve as a basis for a cause of action alleging abuse of process."  *Schwartz v. Sayah*, 899 N.Y.S.2d 316, 318 (2d Dep't 2010).  And the Clarke Defendants have not alleged that any judicial process from this case or the other RICO action was used for anything other than its legitimate purposes.  *See Dupree v. Voorhees*, 891 N.Y.S.2d 124, 126 (2d Dep't 2009) ("Where process is used for the purpose for which it was intended, a cause of action to recover damages for abuse of process does not lie.").  Accordingly, this counterclaim is dismissed.

### vi.  Attorneys' Fees

Turning to the final counterclaim, under New York law, it is well-settled that "an insured cannot recover his legal expenses in a controversy with a carrier over coverage, even though the carrier loses the controversy and is held responsible for the risk."  *Liberty Surplus Ins. Corp. v. Segal Co.*, 420 F.3d 65, 67 (2d Cir. 2005).  The New York Court of Appeals has recognized a narrow exception to this rule that "arises when a policyholder has been cast in a defensive position by its insurer in a dispute over the insurer's duty to defend."  *Id.* (discussing *Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12, 21 (N.Y. 1979)).

11

The Clarke Defendants have brought an independent claim for attorneys' fees pursuant to this narrow exception. As they concede in their opposition papers, however, they have failed to allege that GEICO owed the Clarke Defendants a duty to defend as required by *Mighty Midgets* and its progeny. Clarke Defendants' Mem. of L. in Opp'n 9. Accordingly, this claim is dismissed.

### b. Motion to Strike Affirmative Defenses

GEICO has also moved to strike twelve of the Clarke Defendants' affirmative defenses. Motions to strike affirmative defenses are governed by Rule 12(f), which provides that a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Whether to strike an affirmative defense is within the Court's discretion. *See Calmare Therapeutics Inc.*, 918 F.3d at 99. Such motions are disfavored in this Circuit, *see William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds*, 478 U.S. 1015 (1986), and will only be granted when the movant can prove that: (1) there is no question of fact that might allow the defense to succeed; (2) there is no substantial question of law that might allow the defense to succeed; and (3) the movant would be prejudiced by the inclusion of the defense. *See Calmare Therapeutics Inc.*, 918 F.3d at 96-99.

As the Clarke Defendants have not opposed striking their Third, Twenty-

Second, and Twenty-Third affirmative defenses, those defenses are deemed to be abandoned and are accordingly stricken.  Concerning the remaining defenses, it is reasonably clear to the Court that allowing them to stand will subject GEICO to minimal prejudice, if any.  Moreover, spending "additional time and energy . . . litigating the legal sufficiency of these affirmative defenses at this stage" would be contrary to the Court's duty to achieve a "just, speedy and inexpensive determination of every action."  *Fed. Trade Comm'n v. RCG Advances*, LLC, 20-cv-4432 (LAK), (S.D.N.Y. Aug. 18, 2021) (citing Fed. R. Civ. P. 1).  Accordingly, GEICO's request to strike the remaining affirmative defenses is denied without prejudice, as an exercise of the Court's discretion.

## III.   CONCLUSION

For the foregoing reasons, GEICO's motion to dismiss the Clarke Defendants' counterclaims is granted; accordingly, those claims are dismissed. Its motion to strike the Clarke Defendants' affirmative defenses is granted with respect to the Clarke Defendants' Third, Twenty-Second, and Twenty-Third affirmative defenses; it is denied in all other respects. GEICO's request to stay discovery pending adjudication of this motion is denied as moot.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　__/S/ Frederic Block_____
　　　　　　　　　　　　　　　　　　　　　FREDERIC BLOCK
　　　　　　　　　　　　　　　　　　　　　Senior United States District Judge

Brooklyn, New York
June 20, 2024