UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
GOVERNMENT EMPLOYEES INSURANCE  :
COMPANY, GEICO INDEMNITY COMPANY, :
GEICO GENERAL INSURANCE COMPANY, :
and GEICO CASUALTY COMPANY,      :
                                 :
                Plaintiffs,      :     **ORDER**
                                 :
       - against -              :     23-CV-4605 (FB)(PK)
                                 :
COLIN CLARKE, M.D., and COLIN CLARKE :
M.D. P.C.,                       :
                                 :
                Defendants.      :
-------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

       Government Employees Insurance Company, Geico Indemnity Company, Geico General Insurance Company, and Geico Casualty Company (collectively "Plaintiffs" or "GEICO") have moved for sanctions against Colin Clarke, M.D., and Colin Clarke, M.D., P.C. (the "Clarke Defendants"), and Wesley Mead, Esq., counsel for the Clarke Defendants.[1] ("Motion," Dkt. 112.) The Clarke Defendants and Mr. Mead filed an opposition, which included a cross-motion for sanctions against Plaintiffs and their counsel ("Opposition," Dkt. 116); Plaintiffs filed a reply ("Reply," Dkt. 118); and the Clarke Defendants and Mr. Mead filed a sur-reply ("Sur-Reply," Dkt. 119).

       Pursuant to 28 U.S.C. § 1927, the Court may impose sanctions on an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." "Sanctionable conduct must be proven by clear and convincing evidence and the district court must make a specific finding of bad faith." *Amerisource Corp. v. RX USA Int'l Inc.*, No. 02-CV-2514 (JMA), 2010 WL 2730748, at *5 (E.D.N.Y. July 6, 2010) (citing *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 136 (2d Cir. 1998)), *aff'd* 432 F. App'x 25 (2d Cir. 2011); *see also Dow Chem. Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d

---

[1] On April 16, 2025, the Court granted defendant Colin Clarke MD, P.C.'s motion (Dkt. 133) to substitute as its counsel the Balestriere law firm for Mr. Mead and The Mead Law Firm P.C.

329, 344 (2d Cir. 1986) (emphasizing that the factual findings must have a "high degree of specificity"). A court need not make a finding of bad faith, however, when an attorney "violat[es] a court order or [engages] in other misconduct that is not undertaken for the client's benefit." *United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000).

The Court may also sanction a party or counsel under its inherent powers "for conduct which abuses the judicial process." *Chen v. Thai Greenleaf Rest. Corp.*, No. 21-CV-1382 (MKB)(JMW), 2023 WL 2731712, at *4 (E.D.N.Y. Mar. 31, 2023) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)). The Court's inherent powers "must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

"A party seeking sanctions under either 28 U.S.C. § 1927 or the Court's inherent authority must provide 'clear evidence that (1) the offending party's claims were entirely without color, *and* (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay.'" *Clean Air Car Serv. & Parking Branch Three, LLC v. Clean Air Serv. & Parking Branch Two, LLC*, No. 24-CV-5444 (OEM), 2025 WL 1005838, at *1 (E.D.N.Y. Apr. 3, 2025) (quoting *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000)) (emphasis original).

On November 26, 2024, the Court granted Plaintiffs' motion for a protective order (Dkts. 97, 99) as to "drafts of . . . the affidavit signed by [Defendant Melana] Kay." (Order at 1–2 ("Order"), Dkt. 105.) On January 3, 2025, Ms. Kay's counsel inadvertently produced a draft of her affidavit to Mr. Mead. (*See* Dkt. 114.) Plaintiffs demanded that Mr. Mead destroy the document, but he refused. (Mot.)

Mr. Mead does not dispute that the document was inadvertently disclosed or that it was clearly marked as a draft of Ms. Kay's affidavit. (*See* Opp. at 1, 5 n.3.) He contends instead that his refusal to destroy the document was proper for two reasons. First, Mr. Mead states that he had an ethical duty to preserve the document to present it to the Court for purposes of a potential application for

2

reconsideration of the Order. (*Id.* at 4.) Mr. Mead contends that in their motions for a protective order (Dkts. 97, 99), Plaintiffs made material misrepresentations to the Court about the documents they sought to be protected from disclosure, such that Mr. Mead had a "duty of Candor" to apprise the Court of these purported misrepresentations. (Opp. at 1.) Secondly, Mr. Mead argues that sequestration of the document was the appropriate method of handling the inadvertent disclosure. (*See id.* at 2.)

Mr. Mead is wrong on both points. First, even if Mr. Mead sought to apply for reconsideration of the Order based on Plaintiffs' purported misrepresentations to the Court and his ethical "duty," he had no need to "prevent destruction" of a document that was clearly already in the possession of Plaintiffs (and Ms. Kay's counsel).

Second, by invoking Fed. R. Civ. P. 26(b)(5)(B) and insisting on sequestration, Mr. Mead expressed his intent to seek the Court's "direction" as to the "status" of the document (Opp. at 6)—despite the Court having *already* established in the Order that the document's "status" was protected from disclosure. Mr. Mead implies ambiguity where there was none.

Despite Mr. Mead's recent personal challenges (*see* Dkt. 122), for which the Court expresses sympathy, his ethical duty upon receipt of the draft affidavit was to "promptly notify the sender" (N.Y. R.P.C. 4.4), which he failed to do. Instead, Mr. Mead reviewed the document—comparing it with the final affidavit (Opp. at 3)—and thereafter communicated to Plaintiffs his intention to *use* the document to seek the Court's reconsideration of the Order. Mr. Mead's review and use of a document that is clearly protected by a Court order is improper.

Finally, when Plaintiffs moved for sanctions following his steadfast refusal to destroy the protected document, Mr. Mead doubled down, not only filing a 10-page single-spaced letter but also cross-moving for sanctions, as well as filing an impermissible sur-reply. Throughout these filings, Mr. Mead provides scant legal support for the proposition that a document clearly protected from

3

disclosure must be sequestered for judicial review or that such a document could properly be used to move for reconsideration of the Order. Similarly, he provides no legal support for his own cross-motion for sanctions, which this Court has already denied (Feb. 3, 2025 Min. Entry & Order).

Despite being incorrect, Mr. Mead advanced a legal theory to support his belief in sequestration, which both sought to further his clients' interests and was not "entirely without color." *Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 337 (2d Cir. 1999). Moreover, while his actions were misguided and wrong, there is no evidence before this Court that he undertook them for "improper purposes." *See Wilson v. Citigroup, N.A.*, 702 F.3d 720, 724 (2d Cir. 2012). As a result, the Court, therefore, does not find that Mr. Mead acted in bad faith or engaged in misconduct "that is not undertaken for the client's benefit." *Seltzer*, 227 F.3d at 42. Accordingly, the Motion is denied.

Nevertheless, the Court admonishes Mr. Mead for both his failure to comply with the clear Order of the Court and for his excessive and unauthorized filings. Mr. Mead is cautioned to comply with all Court orders and Individual Practice Rules of any Judge assigned to this case.

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
         May 28, 2025